UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRYAN MICHAEL POLLESTAD,<br><br>Defendant. | Case No. CR20-88RSL<br><br>ORDER GRANTING UNOPPOSED MOTION TO CONTINUE TRIAL |

This matter comes before the Court on defendant's "Motion Requesting Continuance of Trial Date." Dkt. # 35. Having considered the facts set forth in the motion, and defendant's knowing and voluntary waiver, Dkt. # 36, the Court finds as follows:

1. The Court adopts the facts set forth in the unopposed motion: specifically, that defense counsel's ability to meet with defendant has been limited due to the impact of the COVID-19 pandemic, that current defense counsel was recently retained in late March 2021, that defendant is charged in a separate case that complicates his decision on how to proceed in this case, and that defense counsel requires additional time to review discovery, meet with defendant, and negotiate a possible resolution. The Court accordingly finds that a failure to grant a continuance would deny counsel, and any potential future counsel, the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv).

ORDER GRANTING UNOPPOSED
MOTION TO CONTINUE TRIAL - 1

2. The COVID-19 pandemic continues to impact the Court's operations. See W.D. Wash. General Order Nos. 01-20, 02-20, 07-20, 08-20, 11-20, 13-20, 15-20, 18-20, 04-21 (incorporated by reference). In particular, the COVID-19 pandemic has made it difficult for the Court to obtain an adequate spectrum of jurors to represent a fair cross section of the community, and public health guidance has impacted the ability of jurors, witnesses, counsel, and Court staff to be present in the courtroom. Due to these challenges, the Court finds that proceeding with an earlier trial would likely be impossible or would result in a miscarriage of justice, as set forth in 18 U.S.C. § 3161(h)(7)(B)(i).

3. The Court finds that the additional time requested between June 14, 2021 and the proposed trial date of January 17, 2022, is a reasonable period of delay. The Court finds that this additional time is necessary to provide defense counsel reasonable time to prepare for trial, considering all the facts set forth above.

4. The Court further finds that this continuance would serve the ends of justice, and that these factors outweigh the best interests of the public and defendant in a speedier trial, within the meaning of 18 U.S.C. § 3161(h)(7)(A). See W.D. Wash. General Order Nos. 15-20, 18-20, 04-21.

5. Defendant has executed a waiver indicating that he has been advised of his right to a speedy trial and that, after consulting with counsel, he has knowingly and voluntarily waived that right and consented to the continuation of his trial to a date up to and including January 31, 2022, Dkt. # 36, which will permit his trial to start on January 17, 2022.

IT IS HEREBY ORDERED that the trial date shall be continued from June 14, 2021 to January 17, 2022, and pretrial motions are to be filed no later than December 13, 2021;

IT IS FURTHER ORDERED that the period of time from the current trial date of June 14, 2021, up to and including the new trial date, shall be excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, *et seq*. The period of delay attributable to this filing and granting of

ORDER GRANTING UNOPPOSED
MOTION TO CONTINUE TRIAL - 2

this motion is excluded for speedy trial purposes pursuant to 18 U.S.C. §§ 3161(h)(1)(D), (h)(7)(A), and (h)(7)(B)(i), (iv).

DATED this 18th day of May, 2021.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING UNOPPOSED
MOTION TO CONTINUE TRIAL - 3